# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| NORMA ERSIN, | ) |
| Plaintiff, | ) Case No. 4:10-cv-12862 (MAG)(MKM) |
| v. | ) Hon. District Mark A. Goldsmith |
| | ) Hon. Magistrate Judge Mona K. Majzou |
| WHITE HOUSE BLACK MARKET, INC. a Florida Corporation, and CHICO'S FAS, INC., a Florida Corporation, | ) |
| Defendant. | ) |

THE LAW OFFICE OF BRYAN MONAGHAN
By: Bryan Monaghan (P-42461)
827 NORTH MAIN STREET, SUITE D
ROCHESTER, MICHIGAN 48307
Telephone: (248) 608-5300
Facsimile: (248) 651-5531
bmonaghan@sbcglobal.net

*Attorneys for Plaintiff Norma Ersin*

MILLER, CANFIELD,
PADDOCK & STONE, P.L.C.
By: Adam S. Forman  (P55633
     Bryan M. Schwartz (P69018)
150 W. JEFFERSON, SUITE 2500
DETROIT, MICHIGAN 48226-4415
Telephone: (313) 496-7654
Facsimile:  (313) 496-8453
forman@millercanfield.com
schwartzb@millercanfield.com

RAO TILIAKOS LLP
By: Anthony J. Rao*
        Michael Tiliakos*
90 PARK AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10016
Telephone: (212) 455-9255
Facsimile:  (212) 297-0005
arao@raotil.com
mtiliakos@raotil.com
*Admission Pending*

*Attorneys for Defendants CHICO'S FAS, INC. and WHITE HOUSE BLACK MARKET, INC.*

### STIPULATED PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL DOCUMENTS

HAVING BEEN DULY ADVISED by the parties in the above-captioned litigation that they have stipulated to entry of this Protective Order Regarding Discovery of Confidential Documents, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. Discovery in this action may involve disclosure of trade secrets, business strategies, customer or client files, customer or client private information, personnel and salary information, and other confidential, proprietary or non-public business, technical, employee, and financial information. This Protective Order shall govern the production in this action of all documents or other information through formal discovery procedures, including without limitation, documents in written or electronic form produced in response to requests for production of documents, documents responsive to deposition notices, subpoenaed documents, answers to interrogatories, requests for admission, and deposition or other oral testimony (collectively "Discovery Materials").

2. The provisions of this Protective Order shall apply to: (i) the parties to this action, including, in the case of parties other than individuals, their independent contractors, officers, directors, partners, in-house counsel and employees, (ii) counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action, and (iii) any other person or entity who produces or provides Discovery Materials in this action and agrees to be bound by the terms of this Protective Order.

3. Any party or witness producing Discovery Materials which that party or witness believes in good faith are unavailable to the public, not readily determinable from other sources, and are or have been treated as confidential by that party or witness may designate such Discovery Materials as "CONFIDENTIAL."

4. A producing party or witness may designate as "CONFIDENTIAL," in whole or in part, any Discovery Materials by so advising all other parties and marking any copies of the document or material provided (in a manner not affecting legibility) with the word "CONFIDENTIAL." Any party or non-party may obtain confidential treatment for Discovery Materials previously produced by any party or non-party without such designation if the party seeking the designation does so within thirty (30) days of production, sends written notice of

such designation to all other parties or non-parties in possession of such Discovery Materials, and marks and reproduces the Discovery Materials.

5. Confidential Discovery Materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order. A non-producing party shall not, except by consent of the producing party or witness, use "CONFIDENTIAL" Discovery Materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with the prosecution and/or defense of this action.

6. A non-producing party shall not, without the consent of the producing party or witness, disclose "CONFIDENTIAL" Discovery Materials to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the prosecution and/or defense of this action:

(a) Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action;

(b) The parties' in-house counsel who are assisting in the prosecution and/or defense of this action;

(c) The named parties in this action and employees, officers, and directors of named parties;

(d) Any expert retained or consulted in connection with the prosecution and/or defense of this action;

(e) Any non-party deponents or witnesses at depositions or hearings, as reasonably necessary to give their testimony;

(f) Court reporters and stenographers; and

(g) The Court and any persons employed in the Court whose duties require access to "CONFIDENTIAL" Discovery Materials.

7. All persons to whom "CONFIDENTIAL" Discovery Materials are disclosed pursuant to subparagraphs 6(a)-(f) shall be advised of the existence of this Protective Order. All

persons to whom Discovery Materials are disclosed must agree to the terms of this Protective Order and abide by them.

8. Whenever possible, the lawyer defending a deposition or other oral testimony involving "CONFIDENTIAL" Discovery Materials shall affirmatively designate that testimony with the appropriate category of designation on the record. A party or the witness may also make such a designation after transcription by giving written notice identifying the information to be so designated by page and line number(s) to counsel of record within thirty (30) days from the date they receive a copy of the transcript.

9. Any party may object to the designation of particular Discovery Materials as "CONFIDENTIAL" by giving written notice to the party or witness making the designation and to all other parties. Such notice shall identify with reasonable specificity the Discovery Materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot be resolved within ten (10) business days of receipt of such notice, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting a ruling by the Court that the disputed Discovery Materials not be designated "CONFIDENTIAL." The disputed Discovery Materials shall be treated as "CONFIDENTIAL" pending an in-camera review and ruling from the Court.

10. If "CONFIDENTIAL" Discovery Materials, including any portion of a deposition transcript designated as "CONFIDENTIAL," is included in any papers to be filed with the Court, the confidential portions thereof shall be filed under seal pursuant to Local Rule 5.3.

11. Within sixty (60) days of the conclusion of this action, all "CONFIDENTIAL" Discovery Materials, including any summaries and copies thereof, shall be returned to the producing or providing party or witness to be destroyed, or shall be destroyed. Within that time, counsel for receiving parties shall provide to the party or witness producing or providing "CONFIDENTIAL" Discovery Materials a declaration stating that all such Discovery Materials, including copies or summaries thereof, have been returned or destroyed.

12. This Protective Order may be modified by written stipulation signed by the parties or counsel or by order of the Court. Nothing in this Protective Order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

13. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery. The production or provision of Discovery Materials subject to this Protective Order shall not constitute an admission as to the admissibility at trial of any Discovery Material.

14. Any violation of this Protective Order may result in a party requesting any available sanction by way of noticed motion.

15. This Protective Order may be signed on separate signature pages. These separate signature pages will become part of the integrated Protective Order. Where convenient for the parties to do so, the signed signature pages may be facsimile or electronic transmissions.

Dated: November 15, 2010            s/Mark A. Goldsmith
                                    MARK A. GOLDSMITH
                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2010.

                                    s/Deborah J. Goltz
                                    DEBORAH J. GOLTZ
                                    Case Manager

DATED: November 11, 2010

By: s/ with consent of Bryan Monaghan

THE LAW OFFICE OF BRYAN MONAGHAN
By: Bryan Monaghan (P-42461)
827 NORTH MAIN STREET, SUITE D
ROCHESTER, MICHIGAN 48307
Telephone: (248) 608-5300
Facsimile: (248) 651-5331
bmonaghan@sbcglobal.net

*Attorneys for Plaintiff*

DATED: November 11, 2010

By: ___s/Brian Schwartz_____

MILLER, CANFIELD, PADDOCK & STONE, P.L.C.
By: Adam S. Forman
    Bryan M. Schwartz
150 W. JEFFERSON, SUITE 2500
DETROIT, MICHIGAN 48226-4415
Telephone: (313) 496-7654
Facsimile: (313) 496-8453
forman@millercanfield.com
schwartzb@millercanfield.com

RAO TILIAKOS LLP
By: Anthony J. Rao*
    Michael Tiliakos*
90 PARK AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10016
Telephone: (212) 455-9255
Facsimile: (212) 297-0005
arao@raotil.com
mtiliakos@raotil.com
*Admission Pending*

*Attorneys for Defendants*

18,553,593.1\146127-00001